UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY CASTLEBERRY,

        Plaintiff,

                              CASE NO. 05-CV-74271-DT

v.

                              PAUL D. BORMAN

CINDY ACKER,                    UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Randy Castleberry is a state prisoner currently incarcerated at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendant Cindy Acker is an inspector for the Michigan Department of Corrections at JMF. Plaintiff sued Defendant in her personal and official capacities for injunctive relief.

The complaint alleges that, in 2004, Defendant charged Plaintiff with attempting to conduct criminal activity using the prisoner telephone system. Plaintiff was found guilty of the misconduct following an administrative hearing, and he was punished by being deprived of telephone privileges for a period of twenty-four months. Plaintiff alleges that there was no evidence to substantiate the charge. He now seeks to have his telephone privileges restored.

### II. Discussion

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court construes liberally Plaintiff's *pro se* complaint alleging a violation of the constitutional right to procedural due process, as it must under *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The United States Court of Appeals for the Sixth Circuit recently explained that:

> [t]he Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law. "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 125 S. Ct. 2384, 2393 (2005). . . .
>
> In evaluating a claimed liberty interest by prison inmates, courts are mindful that imprisonment necessarily "carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). The "curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of 'institutional needs and objectives' of prison facilities, chief among which is internal security." *Id.* at 524 (internal citations omitted). Accordingly, not every "action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause . . . ." *Sandin* [*v. Conner*, 515 U.S. 472, 484 (1995)].

*Bazzetta v. McGinnis*, __ F.3d __, __, No. 04-1823, 2005 WL 3315296, at *5 (6th Cir. Nov. 28, 2005). In other words, "[t]he mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir.

2

1995). Liberty interests protected by the Due Process Clause generally are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

The only sanction imposed on Plaintiff was the deprivation of telephone privileges. Depriving a prisoner of mere privileges generally does not require the use of procedures that comply with due process. *Wolff v. McDonnell*, 418 U.S. 539, 571 n.19 (1974).

Furthermore, in *Bazzetta*, the Sixth Circuit concluded on the basis of *Sandin* and *Overton v. Bazzetta*, 539 U.S. 126 (2003), that a permanent ban on virtually all visitation privileges for prisoners found guilty of two or more substance abuse violations did not rise to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause. In light of that conclusion, this Court believes that the loss of telephone privileges for twenty-four months did "not work a major disruption in [Plaintiff's] environment" and is not an "atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 486. Therefore, Defendant did not deprive Plaintiff of a protected liberty interest. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Even if Plaintiff had a protected liberty interest in telephone privileges, the requirements of due process are satisfied when "some evidence" supports a disciplinary official's decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

> As the Sixth Circuit remarked in *Williams*:
> In determining whether a decision of a prison disciplinary board had some evidence, courts are not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence. *Hill,* 472 U.S. at 455, 105 S.


Ct. at 2774. "Instead the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56, 105 S.Ct. at 2774. (Emphasis added).

63 F.3d at 486.

The pending complaint indicates that some of Plaintiff's telephone conversations were taped. The taped conversations apparently revealed that Plaintiff was attempting to defraud someone of $13,000.00. This information was sufficient to constitute "some evidence" to support the misconduct charge against Plaintiff.

### III. Conclusion

Plaintiff's claim lacks an arguable basis in law and, therefore, is frivolous. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order also would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 31, 2006.

s/Jonie Parker  
Case Manager